## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JASON ROPER,

       Plaintiff,

vs.                                                                    No. CIV 23-0491 JB/KK

JON STANFORD, WADE MILLER and
ISAAC ROMERO,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the pleading in Letter from Jason Roper to the Court (dated May 31, 2023), filed June 6, 2023 (Doc. 1)("Letter Pleading").   The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Roper to refile his claims on the proper pleading form and prepay the appropriate filing fee.   See Superseding Order to Cure Deficiencies, filed December 15, 2023 (Doc. 6)("Superseding Cure Order").   Because Roper failed to respond, and having reviewed applicable law and the record, the Court will dismiss the Letter Pleading without prejudice.

## BACKGROUND

Plaintiff Jason Roper commenced this case by filing the Letter Pleading on June 6, 2023. See Letter Pleading at 1.   Roper is incarcerated and proceeding pro se.   In the Letter Pleading, addressed to the Honorable William P. Johnson, Chief District Judge for the United States District Court for the District of New Mexico, Roper states that he is "in the process of filing" a § 1983 case based on a theory of malicious prosecution.   Letter Pleading at 1-2.   He also raises habeas claims pursuant to 28 U.S.C. § 2255, challenging a judgment revoking his supervised release in case number 9-CR-1866-WJ-1.   See Letter Pleading at 6-8.   The Letter Pleading alleges that

Assistant United States Attorney Jon Stanford, United States Probation Officer Wade Miller, and Albuquerque Police Department Detective Isaac Romero conspired against Roper to fabricate evidence with the alleged goal of causing Roper to be taken into custody and to allow Romero to build a State criminal case against him.   See Letter Pleading at 1-2.   In addition, Roper challenges the validity of a State court-issued search warrant and seeks to challenge the validity of a State conviction. See Letter Pleading at 3.

The Court referred the matter to Magistrate Judge Khalsa for recommended findings and disposition, and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, filed June 7, 2023 (Doc. 2).   By an order filed December 15, 2023, Magistrate Judge Khalsa directed Roper to use a court-supplied form to file his claims either under 42 U.S.C. § 1983, 28 U.S.C. § 2255, or 28 U.S.C. § 2254.   See Superseding Cure Order at 2 (informing Roper that he must "elect a remedy").   In addition, the Superseding Cure Order directed Roper to prepay the applicable filing fee or, alternatively, file a motion to proceed in forma pauperis.   See Superseding Cure Order at 2-3.   Roper did not comply with or otherwise respond to the Order, and the deadline by which he was required to expired on January 15, 2024.   The Court therefore will consider whether to dismiss this matter for lack of prosecution and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply

with local or federal procedural rules.").  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious").  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious, 492 F.3d at 1162.  Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."  Nasious, 492 F.3d at 1162.

Here, Roper has not complied with or otherwise responded to the Superseding Cure Order.  In light of this noncompliance, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute.  See Olsen v. Mapes, 333 F.3d at 1204.  Having considered the factors in Nasious, the Court concludes that the dismissal is without prejudice.

**IT IS ORDERED** that: (i) the pleading in the Letter from Jason Roper to the Court (dated May 31, 2023), filed June 6, 2023 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jason Roper
Milan, New Mexico

      *Petitioner pro se*